## UNITED STATES v. FATONE.
### No. 269.

Circuit Court of Appeals, Second Circuit.

May 22, 1942.

Herbert E. Rosenberg, of New York City (Edward Norwalk, of New York City, on the brief), for appellant.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U.

S. Atty., of Brooklyn, N. Y., of counsel), for appellee.

Before SWAN, C. E. CLARK, and FRANK, Circuit Judges.

PER CURIAM.

This is an appeal from a sentence imposed upon the appellant after conviction of possessing distilled spirits in unstamped containers contrary to 26 U.S.C.A. Int.Rev. Code, § 2803(a). The case was submitted to a jury under a charge to which there were no exceptions. The appellant's only contention is the insufficiency of the evidence to sustain a conviction. Hyman Waxman testified for the prosecution. He was apprehended when carrying an untaxed 5-gallon can of alcohol from his automobile to premises on Belmont Avenue in Brooklyn, N. Y. In his car were found three additional cans which bore no revenue stamps. He testified that earlier in the day he had met Fatone on Atlantic Avenue, and Fatone had asked if he knew anyone who wanted good alcohol; he replied he knew a woman on Belmont Avenue who might take some. Fatone said "I will give you four cans. You collect $16 (per can), I will charge you $14." Fatone then borrowed Waxman's automobile and shortly returned it with the four cans inside. Waxman gave him $28 and was told that he could have his money back, if the woman did not take the alcohol. The appellant denied Waxman's story as to the alcohol, but admitted borrowing his car in order to see someone about buying soda water bottles. It is the appellant's contention that Waxman's story, if credited by the jury, established an outright sale to Waxman at 921 Atlantic and absolutely disproved the allegation of the indictment that the appellant was in possession of the alcohol at the place charged, namely, Belmont Avenue. Assuming without decision that indisputable proof of a sale to Waxman would require reversal of the conviction, it is by no means clear that Waxman's testimony will bear only the construction the appellant puts upon it. Waxman frequently referred to the arrangement as one under which he was "to make the delivery and make a couple of dollars." He explained that if he did not sell the cans he would have to bring them back. Judge Campbell put squarely to the jury the question: "Was there any sale by Fatone to Waxman, or was Waxman merely the agent of Fatone for the sale of Fatone's property." If the latter were the arrange-ment, he charged that Fatone would be in possession of the alcohol at the point designated in the indictment. Upon the evidence and this charge the jury's verdict must be deemed conclusive. Judgment affirmed.